**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHEILA J. TURNER,

       Plaintiff,                      CIVIL ACTION NO. 05-CV-60020-DT

       vs.                           DISTRICT JUDGE MARIANNE O. BATTANI

COMMISSIONER OF           MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Defendant's Motion For Summary Judgment be GRANTED, and Plaintiffs Motion for Summary Judgment be DENIED.

## PROCEDURAL HISTORY

This is an action for judicial review of the final decision of the Commissioner of Social Security that the Plaintiff was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 1381a. The issue for review is whether there was adequate support for the Commissioner's decision that the Plaintiff is not disabled.

Plaintiff Sheila J. Turner filed DIB and SSI applications on March 16, 2001 alleging that she had been disabled since September 27, 2000. (Tr. 185-7, 472-4). Plaintiff's applications were initially denied. (Tr. 164, 475-478). Plaintiff sought administrative review and received a hearing before ALJ Ethel Revels on September 11, 2003. (Tr. 479-533). The ALJ denied Plaintiff's claims in an opinion issued on May 20, 2004. (Tr. 28-29). Defendant denied Plaintiff's request for reconsideration of the hearing decision, and the ALJ's decision is now the final decision of the Commissioner. (Tr. 7-9); 20 C.F.R. §

404.981. Plaintiff has appealed the ALJ's decision to this court. Both Parties have filed motions for summary judgment.

## MEDICAL HISTORY

Plaintiff was born on November 16, 1951. (Tr. 185). She is blind in one eye as the result of a May, 1999 assault. (Tr. 135). On August 5, 1999 Suchandra Brahma, M.D. performed a psychiatric evaluation of Plaintiff. (Tr. 138-140). Plaintiff complained of depression, nerves, and difficulty sleeping. *Id.* Plaintiff displayed a constricted affect, poor concentration, limited insight, and poor judgment during examination. *Id.* Dr. Brahma concluded that Plaintiff suffered from major depressive disorder, a general anxiety disorder, and she gave Plaintiff a Global Overall Assessment of Functioning (GAF) score of 30 out of 100. *Id.*

On September 28, 1999 Basivi Baddigam, M.D. performed a psychiatric evaluation of Plaintiff on behalf of the Michigan Disability Determination Service. (Tr. 141-143). Plaintiff stated that she was depressed but thought she could hold down a job. *Id.* Her thought process was well organized, and her speech was spontaneous, logical, and goal directed. *Id.* Dr. Baddigam concluded that Plaintiff had an adjustment disorder with depressed mood, and gave Plaintiff a GAF score of 55 out of 100. *Id.* On December 15, 1999 Lee Koski, M.S., M.A., L.L.P. performed a mental status examiation of Plaintiff on behalf of the Michigan Disability Determination Service. (Tr. 144-147). Intelligence tests of Plaintiff showed her intellectual functioning to be in the upper end of the borderline intelligence range. (Tr. 146). On May 5, 2000 Dr. Brahma completed a questionnaire regarding Plaintiff's mental impairments. (152-155). She opined that Plaintiff was unable to work full time because she had difficulty concentrating and paying attention, and because she was illiterate and blind in one eye . *Id.*

On January 11, 2001 Dr. Brahma opined that Plaintiff continued to suffer a mood disorder, and gave her a GAF score of 50 out of 100. (Tr. 308). On February 8, 2001 Plaintiff demonstrated a

euthymic mood with full affect and reported no side effects from her anti-depressant medications. (Tr. 377). On March 10, 2001, Dr. Brahma noted that Plaintiff appeared able to concentrate better than she had in the preceding months. (Tr. 378). On April 19, 2001 Dr. Brahma that Plaintiff was "doing better," had no trouble sleeping, no temper problems, and had a euthymic mood with full affect. (Tr. 375). On May 17, 2001 R. Hasan, M.D. evaluated Plaintiff on behalf of the Michigan Family Independence Administration. (Tr. 330-333). He concluded that Plaintiff suffered from a dysthymic disorder and alcohol dependence and gave Plaintiff a GAF score of 49 out of 100. (Tr. 332). Dr. Brahma noted that Plaintiff had improved and showed no signs of depression during examinations on May 10, 2001 and June 28, 2001. (Tr. 373, 374).

On June 26, 2001 Eva Ettedqui, M.D. reviewed Plaintiff's medical records and concluded that Plaintiff had moderate restrictions in the activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and had experienced one or two episodes of decompensation. (Tr. 340-350). On August 9, 2001 Plaintiff demonstrated a euthymic mood with sad affect. (Tr. 372).

On February 14, 2002 Dr. Brama completed a psychiatric review technique. (Tr. 443-455). He opined that Plaintiff had moderate restrictions in her activities of daily living, marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence, and pace, and had suffered three episodes of decompensation. (Tr. 453).

On October 10, 2002 Plaintiff stated that she had a more even, brighter mood, and was feeling less irritable. (Tr. 457).

### **HEARING TESTIMONY**

Plaintiff testified before ALJ Ethel Revels September 11, 2003. (Tr. 479-533). Plaintiff testified that she could not work because she felt depressed and was anxious around other people. (Tr. 484).

She also testified that her condition had improved somewhat with medication in the past year. (Tr. 506). Richard Szydlowski, a vocational expert, also testified at the hearing. (Tr. 510-523). The vocational expert was asked to testify about the availability of jobs for a hypothetical person of Plaintiff's age, gender, and educational level who had certain functional limitations. The ALJ asked the vocational expert to testify about the availability of work for an illiterate person capable of performing only simple, routine tasks in a low stress setting with no close proximity to other people, and no contact with general public, and who had moderate limitations in her ability to maintain attention, concentrate, or remember detailed instructions. (Tr. 515-16). The vocational expert testified that the hypothetical person would be able to perform in several thousand jobs in the regional economy, including as an assembler, janitor, packager, or security monitor. *Id.* When asked to assume that the hypothetical person had no depth perception and could not operate at hazardous heights or around dangerous machinery, the vocational expert testified that would reduce the number of assembly and packaging jobs by approximately 50%. *Id.*

## **STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). It is not the function of this court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether substantial evidence supports the Commissioner's decision, the Court must examine the administrative record as a whole. *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even where substantial evidence also supports the opposite conclusion and the reviewing court would decide the matter differently. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## **DISCUSSION AND ANALYSIS**

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff had to show that:

(1) he was not presently engaged in substantial gainful employment; and

(2) he suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) he did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R.. § 416.920(a)-(e). If Plaintiff's impairments prevented her from doing her past work, the Commissioner would, at step five, consider his RFC, age, education and past work experience to determine if he could perform other work. If she cannot, she would be deemed disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

Plaintiff argues that this case should be remanded because the ALJ failed to consider evidence offered after the close of the administrative hearing. At the September 11, 2003 hearing, Plaintiff's attorney discussed the possibility of submitting some medical records after the hearing, and the ALJ indicated that she would hold the record open for this purpose. On November 5, 2003 Plaintiff submitted records from office visits on September 17, 2003 and Nov ember 3, 2003. (Tr. 468-470). These records were incorporated into the administrative record, but were not cited in the ALJ's written opinion. Plaintiff's counsel submitted letters to the ALJ on November 13, 2003 and November 20, 2003 indicating that Plaintiff planned to undergo an updated psychiatric evaluation from her treating psychiatrist and place the written evaluation into the record. On December 18, 2003. Plaintiff submitted a psychiatric review technique form and one treatment note created on December 15, 2003 by a [First name illegible] Yousef, M.D. (Pl.'s Mot. Ex. 1). The ALJ did not place the psychiatric review technique form or the treatment note in the administrative record, and it was not mentioned in the written opinion.

The records submitted on November 5, 2003 were included in the administrative record. The two pages of records submitted on November 5 do not substantially alter the weight of the evidence as a whole. The treatment notes from September 17, 2003 address the status of Plaintiff's paperwork. (Tr. 470). The treatment notes from November 3, 2003 describe Plaintiff's mood as somewhat unstable, but contain little other information. (Tr. 469). The September 17, 2003 record has essentially no bearing on this case, and the November 3, 2003 record is not a significant addition in light of Plaintiff's substantial treatment history. The ALJ is not required to cite each and every medical record in evidence. The ALJ's decision as a whole is supported by substantial evidence on the record, despite her decision not to cite two pages of minimally relevant records.

Plaintiff argues that the documents submitted after the administrative record had closed should be considered grounds for a remand under 42 U.S.C. § 405(g) sentence six. Sentence six allows the Court to remand Plaintiff's case for consideration of evidence not in the original administrative record only if the evidence is new, material, and Plaintiff shows a good cause for not presenting the evidence at an administrative hearing. New evidence is "material" when there is a "reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec. of Health & Hum. Servs.,* 865 F.2d, 709, 711 (6th Cir. 1988).

The evidence submitted after the close of the record in this case is not material. Dr. Yousef's single treatment note indicates that Plaintiff is "feeling better" and should continue on her pre-existing medication regime. (Pl.'s Mot. at Ex. 1). Dr. Yousef opines in the Psychiatric Review Technique that Plaintiff is severely impaired across a wide range of activities. The opinion in the Psychiatric Review Technique is, to say the least, not well supported by objective evidence from Dr. Yousef's own treatment of Plaintiff. In her written opinion, the ALJ was faced with several similar conflicts between the treatment notes of Plaintiff's examining physicians and unsupported opinions that Plaintiff is "disabled" by those same physicians. The ALJ gave controlling weight to the treatment notes indicating that Plaintiff's condition had improved since 1999. At the administrative hearing, the ALJ actively searched for the pertinent treatment notes (as opposed to abstract opinions created after the fact), reflecting that Plaintiff's condition had objectively worsened since 2001 and 2002. The only pertinent treatment note reflects that Plaintiff was relatively asymptomatic during the relevant time period. Furthermore, it is not reasonably likely that a subsequently formulated opinion that Plaintiff was "disabled", which opinion is not supported by objective evidence, would have changed the outcome of the ALJ's decision. Thus, contrary to the assertions of the Plaintiff, this evidence would have changed the ALJ's opinion.

## **RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be DENIED, and. Defendant's Motion for Summary Judgment should be GRANTED.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 27, 2006                        s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

### **Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 27, 2006                        s/ Lisa C. Bartlett
                                                  Courtroom Deputy